**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIELLE SAVKA and WILLIAM J. CRUSER,** | : | **No. 3:26-CV-1282** |
| **Plaintiffs** | : | **(Saporito, J.)** |
| **v.** | : | **(Caraballo, M.J.)** |
| **DANIELLE PADULA, et al.,** | : | |
| **Defendants** | : | |

**REPORT AND RECOMMENDATION**

The undersigned respectfully recommends that the Court dismiss and close this suit for failure to prosecute. Plaintiffs Danielle Savka and William J. Cruser, proceeding pro se, failed to comply with the undersigned's directive to either pay filing fees or submit individual motions for leave to proceed in forma pauperis. As the plaintiffs have not responded to court orders or otherwise communicated with the court since initiating this action, dismissal is warranted.

## I. Background

On May 13, 2026, the plaintiffs commenced this action against several defendants. Doc. 1. The allegations in the complaint are difficult to discern, but appear to allege various disputes between

plaintiffs and their neighbors (presumably, the defendants), including allegations of identity theft and that the defendants are surveilling plaintiffs through their cellular telephones and Netflix accounts. *Id.*

In conjunction with the complaint, the plaintiffs filed a motion for leave to proceed in forma pauperis, Doc. 2, which the Court denied without prejudice on May 14, 2026, because the application was incomplete and submitted on behalf of multiple plaintiffs in a single, collective application, instead of individual applications as required. Doc. 4. In denying the motion, the Court ordered the plaintiffs to pay the full filing fee or file individual and complete applications to proceed in forma pauperis by June 4, 2026, or risk dismissal of this action. *Id.* at 3.

On July 23, 2026, after plaintiffs failed to respond, the Court issued an order to show cause why this matter should not be dismissed, and afforded the plaintiffs another opportunity to pay the filing fee or submit complete individual in forma pauperis applications by August 21, 2026. Doc. 5. The plaintiffs did not respond by that deadline, and have not otherwise communicated with the Court since filing their complaint, or indicated a desire to continue prosecuting this action.

## II. Discussion

The undersigned recommends that this action be dismissed and closed for the plaintiffs' failure to prosecute, as they neither paid their filing fees, submitted appropriate applications for leave to proceed in forma pauperis, nor otherwise indicated their intent to continue litigation. The Court may dismiss an action "if the plaintiff fails to prosecute a case or to comply with court rules or . . . orders," as here. *Silbermonn v. Veterans Admin. Med. Ctr.*, 2021 WL 1705228, at *1–2 (M.D. Pa. 2021); Fed. R. Civ. P. 41(b). This "dismissal is a drastic sanction[,] . . . reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). Such procedural histories constitute "substantial circumstances in support of" dismissals, *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019), contrary to the default preference for "reaching . . . decision[s] on the merits." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (per curiam) (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994)).

The Court of Appeals summarized the six factors that Third Circuit courts must consider in deciding whether dismissal is warranted under Rule 41(b) in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). The six factors are:

> (1) the extent of the party's *personal responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of *dilatoriness*; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Id.* at 868 (emphases added and omitted). "[N]o single . . . factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Further, "[n]ot all of these factors need be met" for a valid Rule 41(b) dismissal. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the [trial] court[.]" *Silbermonn*, 2021 WL 1705228, at *1 (citing *Emerson*, 296 F.3d at 190).

Moreover, "[w]hen a litigant's conduct makes adjudication of the case impossible . . . such balancing under *Poulis* is unnecessary." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007) (per curiam)

(first citing *Guyer*, 907 F.2d at 1429–30; and then citing *Spain*, 26 F.3d at 454–55) (affirming dismissal of pro se complaint without *Poulis* analysis when plaintiff failed to comply with order directing amended complaint). This principle extends to litigants who refuse to pay the filing fee or seek leave to proceed in forma pauperis. *See, e.g.*, *Pieczynski v. Pennsylvania*, 2021 WL 1537789, at *3 (M.D. Pa. 2021), *report and recommendation adopted*, 2021 WL 1534978 (M.D. Pa. 2021); *Y'Hudi-Bey v. City of New Castle*, 2020 WL 6899804 at *2 (W.D. Pa. 2020). As the plaintiffs failed to comply with multiple directives to pay the filing fee or seek leave to proceed in forma pauperis, dismissal is warranted even without undertaking a *Poulis* analysis.

The same conclusion is reached, however, even when undertaking that analysis, as the plaintiffs' conduct satisfies most of the *Poulis* factors warranting dismissal. Regarding the first factor (personal responsibility), "[a] *pro se* litigant is personally responsible for failure to comply with the court's rules and orders[.]" *Id.* Since the plaintiffs are proceeding pro se, they "bear[] all of the responsibility for any failure in the prosecution of [their] claims." *See Tindell v. Dep't of Corr.*, 2012 WL 3522530, at *1 (W.D. Pa. 2012). And, here, the plaintiffs "failed to

comply with an explicit order" to pay the filing fee or seek leave to proceed in forma pauperis, *Azubuko*, 243 F. App'x at 729, despite being warned twice that the failure to comply may result in dismissal of this action. Docs. 4, 5. The first inquiry thus advises dismissal.

The second consideration (prejudice to adversary) does not require "irremediable harm." *Adams*, 29 F.3d at 873–74. Rather, this factor applies if "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware*, 322 F.3d at 222. Examples of prejudice include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). And such scenarios become relevant if, as here, the Court must be mindful of the possibility that, "[g]oing forward, such failure to litigate would prejudice the defendant, who without timely responses by [the plaintiffs,] could not seek a timely resolution of the case." *See Silbermonn*, 2021 WL 1705228, at *2. Here, the Court has no information indicating that the defendants, who remain unserved, have

suffered any prejudice from a matter filed just over three months ago. Accordingly, the second query does not weigh in favor of dismissal.

The third factor (dilatoriness) requires the Court to examine this case's history. "[C]onsistent tardiness in complying with court orders" weighs in favor of dismissal, *Adams*, 29 F.3d at 874 (first citing *Poulis*, 747 F.2d at 868; and then citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990)), especially in light of the premise that "a party's problematic acts must be evaluated in light of its behavior over the life of the case." *Id.* at 875. The plaintiffs failed to comply with the undersigned's Orders, "[and] the time to do so has passed." *See Silbermonn*, 2021 WL 1705228, at *2. Thus, and as over three months have elapsed since the plaintiffs filed their complaint without paying a filing fee or filing an appropriate motion to proceed in forma pauperis, the third inquiry weighs in favor of dismissal as well. *See, e.g.*, *Sorto v. United States*, 2022 WL 18657377, at *3 (M.D. Pa. 2022); *see also Smith v. Black*, 2005 WL 2431097, at *2 (M.D. Pa. 2005) ("dilatoriness . . . outweighs any of the other considerations[.]").

Under the fourth consideration (willfulness or bad faith), "[w]illfulness involves intentional or self-serving behavior." *Adams*,

29 F.3d at 875. While the plaintiffs' dilatoriness does not evince ill intent or self-serving behavior, their prolonged inaction "leads to an inference that [they] willfully abandoned this case." *See Silbermonn*, 2021 WL 1705228, at *2. And following multiple Orders directing their compliance, the plaintiffs' "conduct of consistently disregarding . . . the court's directives to pay the appropriate filing fee amount to willfulness." *Pieczynski*, 2021 WL 1537789, at *4 (citing *Arsad v. Gerula*, 366 F. App'x 323, 324 (3d Cir. 2010) (per curiam)). The fourth query thus weighs in favor of dismissal.

The fifth factor (alternative sanctions) is guided by, among other things, the principle that "[a]lternative sanctions, such as monetary penalties, are inappropriate with indigent parties." *Tindell*, 2012 WL 3522530, at *1. So too here, where the plaintiffs are "proceeding pro se, and given [their] refusal or inability to pay the filing fee, there is no evidence to suggest that paying monetary sanctions will remedy [their] deficiencies. Therefore, monetary sanctions would not be effective in this case." *See Silbermonn*, 2021 WL 1705228, at *2. The fifth inquiry thus favors dismissal.

Finally, the sixth consideration concerns the meritoriousness of the Plaintiffs' claims. "[A] claim will be deemed meritorious when the [complaint's] allegations . . . , if established at trial, would support recovery." *Id.* at *3 (citing *Poulis*, 747 F.2d at 870). As a general matter, this consideration is inapplicable, as "[t]he merits of the complaint may not be a factor in assessing IFP status." *Johnson v. Nutter*, 2016 WL 7217642, at *3 (E.D. Pa. 2016). Rather, the "court must first [evaluate] a litigant's financial status and whether (s)he is eligible to proceed in forma pauperis under § 1915(a) before assessing the merits of the complaint." *Id.* (citations and quotation omitted). That said, the undersigned notes that the rambling and disjointed nature of the plaintiffs' complaint fails to advance "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The undersigned cannot discern either the theories or factual premises that the plaintiffs offer in support of their claims, or whether they suffice for purposes of federal jurisdiction.

The *Poulis* analysis thus favors dismissal. Moreover, the failure to pay a filing fee or submit a complete application to proceed in forma pauperis, after being specifically advised of those requirements,

warrants dismissal. *See*, *e.g.*, *Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011) (per curiam) (affirming "the order of the District Court dismissing the complaint without prejudice for failure to either pay the filing fee or submit a complete motion to proceed in forma pauperis." (emphasis omitted)). Accordingly, the undersigned recommends that the complaint be dismissed, and this action be closed.

## III. Recommendation and Notice

For the reasons set forth above, it is **RECOMMENDED** that:

1. The complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**; and
2. The Clerk's Office be **DIRECTED** to **TERMINATE** all of the defendants, and **CLOSE** this case.

Plaintiffs are placed on notice that, pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those

> portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

M.D. Pa. L. R. 72.3. Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).

Date: August 27, 2026

***s/ Phillip J. Caraballo***
Phillip J. Caraballo
United States Magistrate Judge